IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS

| | | |
|---|---|---|
| BECKETT MEDIA, LLC, | § | |
| | § | |
| Plaintiff, | § | |
| | § | Civil Action No. 3:12-cv-2104 |
| v. | § | |
| | § | |
| MJ HOLDING COMPANY, LLC, d/b/a BECKETT ASSOCIATES, | § | |
| | § | |
| Defendant. | § | |

## DEFENDANT MJ HOLDING COMPANY, LLC'S ANSWER AND COUNTERCLAIM TO PLAINTIFF'S ORIGINAL COMPLAINT

Defendant MJ Holding Company, LLC ("MJ Holding") answers and counterclaims to plaintiff Beckett Media LLC's original petition ("Complaint"), as originally filed on June 28, 2012 in the 68th Judicial District Court, Dallas County, Texas and removed to this Court on July 2, 2012, as follows:

1. The allegations contained in paragraph 1 of the Complaint set forth a legal statement to which no response is required. To the extent a response is required, MJ Holding denies the allegations.

2. With respect to the allegations contained in paragraph 2 of the Complaint, MJ Holding is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

3. MJ Holding admits the allegations contained in paragraph 3 of the Complaint.

4. With respect to the allegations contained in paragraph 4 of the Complaint, MJ Holding denies that this action arises only under Texas law and admits the remainder of the allegations.

5. MJ Holding denies that it has voluntarily submitted itself to the jurisdiction of the 68th Judicial District Court, Dallas County, Texas, but admits the remaining allegations contained in paragraph 5 of the Complaint.

6. MJ Holding denies the allegations contained in paragraph 6 of the Complaint.

7. MJ Holding denies the allegations contained in paragraph 7 of the Complaint.

8. With respect to the allegations contained in paragraph 8 of the Complaint, MJ Holding is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

9. With respect to the allegations contained in paragraph 9 of the Complaint, MJ Holding is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

10. With respect to the allegations contained in paragraph 10 of the Complaint, MJ Holding is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

11. With respect to the allegations contained in paragraph 11 of the Complaint, MJ Holding admits that it acquired Midland Hobby Supplies, Inc., but denies the remainder of the allegations.

12. With respect to the allegations contained in paragraph 12 of the Complaint, MJ Holding admits that it entered into a trademark license agreement with plaintiff in April 2006, but denies the remainder of the allegations.

13. MJ Holding denies the allegations contained in paragraph 13 of the Complaint.

14. With respect to the allegations contained in paragraph 14 of the Complaint, MJ Holding admits that the trademark license agreement is perpetual. MJ Holding further admits

that the cited quotations in paragraph 14 derive from the trademark license agreement. The remainder of the allegations contained in paragraph 14 do not require a response as they set forth statements requiring interpretation of the trademark license agreement, which speaks for itself.

15. With respect to the allegations contained in paragraph 15 of the Complaint, MJ Holding admits that it received a May 10, 2012 notice and demand letter from plaintiff, but denies the remainder of the allegations.

16. MJ Holding denies the allegations contained in paragraph 16 of the Complaint.

## COUNT ONE
## Breach of Contract/License Agreement

17. With respect to paragraph 17, MJ Holding re-incorporates by reference its answers to the foregoing paragraphs.

18. With respect to the allegations contained in paragraph 18 of the Complaint, MJ Holding admits that it entered into a trademark license agreement with plaintiff, having an effective date of April 24, 2006. MJ Holding further admits that the cited quotations derive from the trademark license agreement. The remainder of the allegations contained in paragraph 18 do not require a response as they set forth statements requiring interpretation of the trademark license agreement, which speaks for itself.

19. With respect to the allegations contained in paragraph 19 of the Complaint, MJ Holding admits that the cited quotations derive from the trademark license agreement. The remainder of the allegations contained in paragraph 19 do not require a response as they set forth statements requiring interpretation of the trademark license agreement, which speaks for itself.

20. With respect to the allegations contained in paragraph 20 of the Complaint, MJ Holding admits that the cited quotations derive from the trademark license agreement. The

remainder of the allegations contained in paragraph 20 do not require a response as they set forth statements requiring interpretation of the trademark license agreement, which speaks for itself.

21. MJ Holding denies the allegations contained in paragraph 21 of the Complaint.

22. MJ Holding denies the allegations contained in paragraph 22 of the Complaint.

## COUNT TWO
### Common Law Trademark Infringement and Unfair Competition

23. With respect to paragraph 23, MJ Holding re-incorporates by reference its answers to the foregoing paragraphs.

24. MJ Holding denies the allegations contained in paragraph 24 of the Complaint.

25. MJ Holding denies the allegations contained in paragraph 25 of the Complaint.

26. MJ Holding denies the allegations contained in paragraph 26 of the Complaint.

## COUNT THREE
### Violation of the Lanham Act by Unfair Competition

27. With respect to paragraph 27, MJ Holding re-incorporates by reference its answers to the foregoing paragraphs.

28. MJ Holding denies the allegations contained in paragraph 28 of the Complaint.

29. MJ Holding denies the allegations contained in paragraph 29 of the Complaint.

30. MJ Holding denies the allegations contained in paragraph 30 of the Complaint.

31. MJ Holding denies the allegations contained in paragraph 31 of the Complaint.

32. MJ Holding denies the allegations contained in paragraph 32 of the Complaint.

## COUNT FOUR
### Violation of the Lanham Act by Dilution

33. With respect to paragraph 33, MJ Holding re-incorporates by reference its answers to the foregoing paragraphs.

34. MJ Holding denies the allegations contained in paragraph 34 of the Complaint.

35. MJ Holding denies the allegations contained in paragraph 35 of the Complaint.

36. MJ Holding denies the allegations contained in paragraph 36 of the Complaint.

37. MJ Holding denies the allegations contained in paragraph 37 of the Complaint.

38. MJ Holding denies the allegations contained in paragraph 38 of the Complaint.

## COUNT FIVE
## Texas Anti-Dilution Act

39. With respect to paragraph 39, MJ Holding re-incorporates by reference its answers to the foregoing paragraphs.

40. MJ Holding denies the allegations contained in paragraph 40 of the Complaint.

41. MJ Holding denies the allegations contained in paragraph 41 of the Complaint.

42. MJ Holding denies the allegations contained in paragraph 42 of the Complaint.

### Plaintiff's Request for Attorneys Fees

43. MJ Holding denies the allegations contained in paragraph 43 of the Complaint and further denies that plaintiff is entitled to any relief.

### Plaintiff's Conditions Precedent

44. With respect to the allegations contained in paragraph 44 of the Complaint, MJ Holding is without sufficient knowledge to admit or deny the allegations, and therefore denies them.

### Plaintiff's Request for Disclosure

45. The allegations contained in paragraph 45 of the Complaint set forth a legal request to which no response is required.

### Plaintiff's Demand for Jury Trial

46. With respect to paragraph 46, MJ Holding admits that plaintiff has demanded a trial by jury.

## PLAINTIFF'S REQUESTED RELIEF

Further answering the Complaint, MJ Holding denies that plaintiff is entitled to any of plaintiff's requested relief.

## AFFIRMATIVE DEFENSES

MJ Holding reserves all affirmative defenses under Federal Rule of Civil Procedure 8(c) and any other defenses, at law or in equity, that may be available now or that may become available in the future, based on discovery or other factual investigation of this case.

Further answering the Complaint, MJ Holding pleads the following affirmative defenses. In so doing, MJ Holding does not intend to, and does not, assume any burden of proof that it would not otherwise bear under applicable law.

## FIRST AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by virtue of no likelihood of confusion.

## SECOND AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by laches.

## THIRD AFFIRMATIVE DEFENSE

Plaintiff's alleged "Beckett" trademark ("Alleged Mark") lacks distinctiveness, and thus, is invalid and/or unenforceable.

## FOURTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by acquiescence.

## FIFTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred because the services covered by plaintiff's Alleged Mark do not include, extend to, or compete with those of MJ Holding.

## SIXTH AFFIRMATIVE DEFENSE

Plaintiff's claims are barred by contract.

## COUNTERCLAIMS

MJ Holding hereby asserts the following counterclaims ("Counterclaims") against plaintiff.

## COUNTERCLAIM PARTIES

1. MJ Holding is a limited liability company organized and existing under the laws of the State of Illinois with a principal place of business located at 7001 South Harlem Avenue, Bedford Park, Illinois 60638.

2. Upon information and belief, plaintiff Beckett Media, LLC is a limited liability company and citizen of Texas with a principal place of business at 4635 McEwen Road, Dallas, Texas 75244.

## COUNTERCLAIM JURISDICTION AND VENUE

3. MJ Holding's Counterclaims arise under the the Federal Declaratory Judgment Act, 28 U.S.C. §§ 2201 and 2202 and the trademark laws of the United States, 15 U.S.C. § 1051 *et seq*. A case of actual controversy exists between MJ Holding and plaintiff regarding plaintiff's allegations of breach of contract and alleged trademark rights in and to the Alleged Mark and plaintiff's federal, state, and/or common law allegations of infringement, unfair competition, and dilution of such asserted trademark rights. The Court has subject matter jurisdiction over these Counterclaims under 15 U.S.C. § 1121(a) and 28 U.S.C. §§ 1331, 1332, 1338, and 1367. The court has personal jurisdiction over plaintiff by virtue of plaintiff having submitted itself to the jurisdiction of the Court by originally filing the Complaint in the 68th Judicial District Court, Dallas County, Texas.

4. Venue is proper in this judicial district pursuant to 28 U.S.C. §§ 1391(b).

## COUNTERCLAIM – COUNT ONE
### Declaration of Validity and Enforceability of Contract

5. MJ Holding re-incorporates by reference all of its answers and statements set forth in the foregoing paragraphs.

6. MJ Holding seeks a judicial declaration that it has not breached and is not breaching the April 24, 2006 trademark license agreement between MJ Holding and plaintiff, and that such agreement is valid and enforceable.

## COUNTERCLAIM – COUNT TWO
### Declaration of Non-Infringement

7. MJ Holding re-incorporates by reference all of its answers and statements set forth in the foregoing paragraphs.

8. MJ Holding seeks a judicial declaration that it has not infringed and does not infringe any of plaintiff's alleged rights in and to the Alleged Mark or any other marks owned or used by plaintiff, based upon no likelihood of confusion between MJ Holding's use of a designation containing "Beckett" and/or based on the rights provided by the April 24, 2006 trademark license agreement.

## PRAYER FOR RELIEF

WHEREFORE, MJ Holding respectfully prays that the Court enter judgment:

(a) dismissing all claims in plaintiff's Complaint with prejudice and ordering that Plaintiff take nothing by way of this action;

(b) declaring that MJ Holding has not breached and is not breaching the April 24, 2006 trademark license agreement between MJ Holding and plaintiff, and that such agreement is valid and enforceable;

  (c) declaring that MJ Holding has not infringed and does not infringe any alleged trademark rights of plaintiff;

  (d) that MJ Holding recover its reasonable attorneys' fees;

  (e) that MJ Holding recover the costs of this action, together with pre- and post-judgment interest; and

  (f) granting MJ Holding such other and further relief as the Court deems just and proper.

Dated:  July 2, 2012

Respectfully submitted,

By: /s/ Terrell R. Miller

Craig B. Florence
Texas State Bar No. 07158010
cflorence@gardere.com
Kenneth R. Glaser
Texas State Bar No. 07999000
kglaser@gardere.com
Terrell R. Miller
Texas State Bar No. 24046446
tmiller@gardere.com
Luke Wohlford
Texas State Bar No. 24070871
*Application for admission to be filed*
lwohlford@gardere.com
GARDERE WYNNE SEWELL, LLP
1601 Elm Street, Suite 3000
Dallas, Texas 75201
(214) 999-3000
(214) 999-4667 (fax)

And

Daniel J. Fumagalli
*Pro Hac Vice to be filed*
dfumagalli@chuhak.com
CHUHAK & TECSON P.C.
30 South Wacker Drive
Suite 2600
Chicago, Illinois 60606
(312) 444-9300
(312) 444-9027 (fax)

**ATTORNEYS FOR DEFENDANT MJ HOLDING COMPANY, LLC, d/b/a BECKETT ASSOCIATES**

**CERTIFICATE OF SERVICE**

I hereby certify that a true and correct copy of this filing was served on the following counsel of record, as indicated, on July 2, 2012:

Aaron Z. Tobin
ANDERSON TOBIN, PLLC
One Galleria Tower
13355 Noel Road, Suite 1900
Dallas, Texas 75240

*Via ECF and Certified Mail RRR*

/s/Terrell R. Miller
Terrell R. Miller